# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Submitted on Briefs February 16, 2001

## DEBRA CISSOM, ET AL. v. AL MILLER, ET AL.

**Appeal from the Chancery Court for Bradley County**
**No. 93-335      Jerri S. Bryant, Chancellor**

### FILED APRIL 30, 2001

### No. E1999-02767-COA-R3-CV

The Plaintiffs sue the Defendants, alleging a nuisance created by chicken houses owned and operated by them in close proximity of the Defendants' property. The Trial Court found a temporary nuisance was created and that, although T.C.A. 44-18-102 was a complete bar to any claims the Plaintiffs might have insofar as three older chicken houses were concerned, is not a bar to their claim as to five new chicken houses. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Denny E. Mobbs, Cleveland, Tennessee, for the Appellants, Al Miller, Virginia Miller and Alfred M. Miller, Jr.

Jes Beard, Chattanooga, Tennessee, for the Appellees, Debra Cissom and John Robert Cissom, Jr.

## OPINION

In this suit, Debra Cissom and her husband, John Robert Cissom, Jr., sue Al Miller and his wife, Virginia Miller, and Alfred M. Miller, Jr., seeking to enjoin and abate a nuisance and to recover damages suffered by them as a result thereof. According to the complaint the nuisance was as a result of five large chicken houses operated by the Defendants, which emitted "foul, unhealthy and offensive odors," caused a visible cloud of contaminated gas, carrying feathers and dust and chicken droppings," and changes the contour of the Defendants' property from a natural drainage, resulting in increased rainwater runoff.

The Plaintiffs withdrew their claim for relief relative to the water runoff, and the Chancellor, after a full evidentiary hearing, found a temporary nuisance, insofar as the odor from the new chicken houses was concerned.[1]  She then awarded damages "for diminished rental value in the amount of $100.00 per month for the time period of September 1993 to November 1999," the month and year her opinion was filed.

The Defendants appeal, raising the following two issues:

1.   Did the Chancellor err in ruling that the weight and preponderance of the evidence established the existence of a temporary nuisance because of odor from the Defendants' chicken houses.

2.   Did the Chancellor err in ruling that the established date of ownership of the Plaintiffs' property was not subsequent to the date of the expanded operations of the Defendants' five new chicken houses so that proof of compliance with T.C.A. § 44-18-103 and 104 did not afford Defendants an absolute defense pursuant to T.C.A. § 44-18-102.

The Plaintiffs and the Defendants owned property fronting on Corinth Church Road, lying across this road from each other.  The Plaintiffs entered into a contract on February 19, 1991, to purchase approximately five acres which was improved with a dwelling house.  They lived in this house for a period of time and then rented it.  At the time of the Plaintiffs' purchase of the property there were three old small chicken houses located on the Defendants' property, none of which were in use at the time of the hearing below.  Subsequent to the Plaintiffs acquiring their property the Defendant constructed five much larger chicken houses on the portion of the property fronting Corinth Church Road opposite the property owned by the Plaintiffs.[2]  The construction of the new chicken houses began in August 1991.

As to the first issue there is overwhelming proof from a number of witnesses as to the odor from the new chicken houses, which were much closer to the house owned by the Plaintiffs than the three smaller chicken houses.  Indeed, the Defendant Al Miller testified that there was an odor for approximately one and one-half weeks per every eight-week cycle when the chicken were being loaded for market, which was the exact finding of the Trial Court.

We accordingly conclude that as to the first issue this is an appropriate case for affirmance under Rule 10(a) of this Court.

_____

[1]   The Chancellor held that as to the old chicken houses, T.C.A. 44-18-102, hereinafter set out, was a complete bar to the Plaintiffs' claims.

[2]   The five small chicken houses held approximately 45,000 chickens and the five larger ones approximately 122,000.

As to the second issue, the Defendants contend that T.C.A. 44-18-102, 103 and 104, hereinafter quoted as pertinent to this appeal, provide an absolute defense to Plaintiffs' claim:

**44-18-102**. **Nuisance action or proceeding against feedlot, dairy farm or egg production house. --** (a) In any nuisance action or proceeding against a feedlot, dairy farm, or egg production house brought by or on behalf of a person whose date of ownership of realty is subsequent to the established date of operation of such feedlot, dairy farm or egg production house, proof of compliance with §§ 44-18-103 and 44-18-104 shall be an absolute defense; provided, that the conditions or circumstances alleged to constitute a nuisance are subject to regulatory jurisdiction in accordance with § 44-18-103 or § 44-18-104.

The Plaintiffs insist that the Defendants may not rely on that Statute because it was not pleaded as an affirmative defense to their original action, and was only mentioned in oral argument at the conclusion of the case. Because we do not have a transcript of the oral argument, we are unable to determine whether the Plaintiffs objected to this defense. It would appear that they did not, because the Chancellor specifically mentioned the Statutes in her memorandum opinion.

Given the proof adduced as to the date of the contract for purchase and the date of the deed, we will determine issue two as though the issue, although not raised in the pleading, was tried by express or implied consent by the parties pursuant to Tenn.R.Civ.P. Rule 15.02.

Having done so, it appears there is a dispute whether the above-quoted Statute is applicable. It is undisputed that the five new chicken houses were built about August 1991 and, although the Plaintiffs contracted to purchase their property on February 1, 1991, the deed was not made to them until March 1992.

The Defendants argue that because the contract the Plaintiffs entered into to purchase the property was not recorded, the Statute is applicable to them. We disagree. We conclude that the words in the Statute, "date of ownership of realty," contemplate persons with an equitable interest as the Plaintiffs obviously had, whether recorded or unrecorded. Obviously, the exception in the Statute is to accord relief to purchasers who, like the Plaintiffs, did not know at the time they became obligated to purchase the property of subsequent activities which would thereafter create a nuisance.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment and costs below. Costs of appeal are adjudged against Al Miller, Virginia Miller and Alfred M. Miller, Jr., and their surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE